# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **WILLIAM H. COOK, III,** | CASE NO. 3:24 CV 726 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| v. | |
| **FEDERAL BUREAU OF PRISONS, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff William H. Cook, III filed this civil rights action against the Federal Bureau of Prisons ("BOP"), BOP Director Colette Peters, FCI Ashland Warden David LeMaster, FCI Ashland Team Counselor Gregory Patton, BOP Cincinnati Residential Re-entry Office Manager Shannon Wicks, Volunteers of America ("VOA") Residential Re-entry Center Director Alan Fabry, VOA Residential Re-entry Center Assistant Program Director Kim Ludwig, VOA Residential Re-entry Center Case Manager Brandon Villa, BOP Mid-Central Regional Director Stacy Rimmer, the BOP Administrative Remedy Coordinator, and the BOP Office of General Counsel. (Doc. 1). In the Complaint, Plaintiff asserts Defendants violated the Home Confinement and Community Control Agreement form BP-AO548 and 18 U.S.C. § 3642(c)(2) by failing to release him from home confinement to supervised release on February 20, 2023. *See id.* He seeks monetary damages. *Id.* at 8.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. 2). That Application is granted. However, upon review, the Court dismisses this case pursuant to 28 U.S.C. § 1915(e).

**BACKGROUND**

Plaintiff reported to the BOP on March 1, 2022, to begin serving a 28-month prison term followed by two years of supervised release. *United States of America v. Cook*, 3:16-cr-00284-JJH-1 (N.D. Ohio Jan. 27, 2020). The BOP authorized extended home confinement for low-risk offenders who have served at least 50% of their sentence, or 25% of their sentence with less than 18 months left to serve. The BOP identified Plaintiff as one of the inmates potentially eligible for extended home confinement. After serving five months of his prison term, on August 26, 2022, Plaintiff's counselor at FCI-Ashland presented him with an Institutional Referral for CCC Placement form BP-AO210, and Home Confinement and Community Control Agreement for BP-AO548. That form indicates Plaintiff had served 25% of his sentence and had 18 months remaining on his prison sentence. (Doc. 1-1, at 3). The referral form indicates Plaintiff's anticipated release date was February 9, 2024. *Id.* at 2. He was released to home confinement through the VOA Residential Re-entry Center on January 12, 2023. He was released from home confinement on July 28, 2023, and began serving his two-years of supervised release.

Plaintiff, however, believes he should have been released from home confinement on February 20, 2023. He focuses on language in the Home Confinement and Community Control Agreement that states, "I understand that my participation on home confinement will be an alternative to placement in a Community Corrections Center for no more than the last six months or 10% of my sentence, whichever is less." (Doc. 1-2, at 2). He contends that February 20, 2023, represented 10% of his remaining of his sentence. Plaintiff does not explain his calculation or how he arrived at this conclusion. It appears, however, that he is interpreting the language of the Home Confinement and Community Control Agreement to be a mandatory release date from home confinement rather than a requirement that he serve a specified portion of his prison term before being eligible for release to home confinement. He claims the failure to release him on February

2

20, 2023, violated 18 U.S.C. § 3642 and breached the Home Confinement and Community Control Agreement. He seeks monetary damages.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

This is the third case Plaintiff has filed in this Court against similar Defendants alleging the same facts and claiming they violated 18 U.S.C. § 3642 and breached the Home Confinement and Community Control Agreement form BP-AO548. *See Cook v. Peters*, No. 3:23 CV 2211 (N.D. Ohio Feb. 26, 2024); *Cook v. Peters*, No. 3:23 CV 2210 (N.D. Ohio Mar. 1, 2024) This Court dismissed both cases, stating there is no private right of action under 18 U.S.C. § 3642. On April 22, 2024, one month after his last case was dismissed, he filed the Complaint in this action; it is substantially identical to the Complaints in the prior actions that this Court dismissed.

This case is barred by *res judicata*. The term "*res judicata*" literally means "a thing adjudicated." BLACK'S LAW DICTIONARY (11th ed. 2019) ("An issue that has been definitively settled by judicial decision"). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id*. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the previous court and every issue or defense that should have been raised in the previous action. *Id*. Plaintiff's claims were decided on the merits, twice, in prior actions. He is barred by the doctrine of *res judicata* from litigating them a third time.

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is, granted; and it is

FURTHER ORDERED that this action be, and the same hereby is, dismissed pursuant to 28 U.S.C. § 1915(e); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2024